Martin, J.
delivered the opinion of the court. Tiie late A, Phillips left a large real ahd personal estate, to which a curator was appointed, who, on the SSd of September, 1810, recovered a judgment against the then and present defendant, for the amount of the personal property of the estate, purchased by the latter.
Duringthe late war, Thomas Phillips, brother of the deceased, was prevented from instituting any proceedings in order to obtain the estate, he being an alien enemy.
*231 On the 16th of March, (81 fi, James Rogers anti others whom lie represented, were admitted by the court of probates, as heirs to the estate, but, on the succeeding day, the curator appealed, from the decision of the court of probates in this respect, to the district court. In J ¡ne following, the plaintiff intervened, as a party appellant, in the district court, who, on the 25ill of that month, reversed the judgment of the court of probates, and decreed that the said Thomas Phillips, the then appellant, “ be received as heir at law of the late A. Phillips, as to the moveable effects which were of the said A. Phillips at the time of his death, and as to the immoveable property which was then of the said A. Phillips that the said James Rogers and others, the appellees, be admitted and received as heirs of the late A. Phillips, each of them to.take a legal portion among themselves ; and that the aforesaid persons, so admitted as heirs as aforesaid, he put in possession of the succession aforesaid, i. e. each of them of the portion thereof to which he is entitled as heir aforesaid — that the debts already paid by the succession be deducted from the shares of said heirs, in proportion to the share they take therefrom ; and that those which yet remain due, as well as the costs and chargee *232 of the succession, be satisfied and discharged by said heirs, each in proportion to hi? respective share, and that the curator be dismissed from the administration and curatorship of said estate.”
From this judgment Phillips appealed, on the 7th of September following, to this court, who, in October last, reversed it, and decreed the whole estate, real and personal, to him. 5 Martin, /GO.
He then brought the present suit, in order to recover the amount of t¡¡e part of personal property of the estate, bought by the defendant, for which the curator had judgment in 1810. The defendant resisted his claim, on the ground that he nad paid the amount of the judgment to James Rogers, on tne 1st of July, 1816. thus was not denied, but the plaintiff contended that Rogers had no legal capacity to receive it. T v e-was judgment for the plaintiff, and the defendant appealed.
At the time of this payment, a judgment of the district court) rendered on the § 1st of June preceding, not appealed from, recognized James Rogers and others, whom he represented, as heirs of the real estate of the deceased. But the claim, the amount of which was then paid to him, related to the personal estate only, of *233 "Which the present plaintiff was recognized as heir, by the same judgment: Rogers was then without capacity to discharge the present and then defendant.
It is further urged, that the curator had no right to appeal from the judgment of the court of probates, which liad admitted Rogers and his co-heirs, as heirs to the real and personal estate of the deceased, and finally that the judgment of the district court decrees to the present plaintiff the real estate, after the claims against it are paid.
If the curator had no right to appeal, the then appellees, Rogers and others, might have pleaded this matter and obtained the dismissal of the appeal; but they joined issue with him, pleading only that there was no error in the judgment, and as they would have hád the benefit of the decision of the district court, if the judgment of the court of probates had been affirmed, they must be concluded by its reversal.
The district court, after reversing the judgment of the court of probates, decreed the then appellant and present plaintiff and appellee to be heir of the personal estate of the deceased, and Rogers and his co-heirs to be heirs of the real. The legal portions spoken of in the judg *234 ment are not those of the then contending parties, Phillips on the one part, and Rogers and 0uiers, on ¿jie 0ther, in relation to each other: but the respective shares of Rogers and his coheirs among themselves. It appears to us that thejudgment appealed fromis perfectly correct.
Baldwin for the plaintiff,Scott for the defendant.
It is therefore ordered, adjudged and decreed, that it be affirmed with costs.